UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| GOT GOLD? LLC, )<br>a Florida limited liability company, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>SANDRA TEMPLE, BRADLEY ROSE, )<br>and THE GOLD PEOPLE, a )<br>Tennessee partnership, )<br> )<br>Defendants. ) | Case No. 12-2278 |

# ORDER

Plaintiff Got Gold, LLC, a business that purchases gold jewelry and other gold items by organizing "gold parties" at homes around the country, brings claims for breach of fiduciary duty, tortious interference with business expectancy, and conversion against Sandra Temple, Bradley Rose, and The Gold People, alleging that Temple and Rose, while working for Plaintiff, wrongfully used Plaintiff's gold party network to create their own gold-buying business, The Gold People, and diverted business from Plaintiff to themselves. Defendants, citizens of Tennessee, have filed a Motion to Transfer (#10) this case to the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes (#15). For the reasons explained below, Defendants' Motion to Transfer **(#10)** is **DENIED**.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts enjoy broad discretion in weighing whether transfer would be convenient and in the interest of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). When assessing convenience, courts generally look to "each party's access to and distance from resources in each forum," "the location of material events," "the availability of and access to witnesses," and "the relative ease of access to sources of proof." *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). As to the interests of justice, courts consider "docket congestion and likely speed to trial in the transferor and potential

transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.* (citations omitted).  In weighing these factors, the Court is mindful that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  Stated differently, courts will resolve a tie in favor of the plaintiff's original choice of venue.  *Id.* at 665.

Transfer is not appropriate here because the factors enumerated above either militate in favor of the Central District of Illinois, or—at best for Defendants—are a wash.  First, as to the convenience of the parties, the Court notes that, although Plaintiff was a Florida citizen when the Complaint was filed, Plaintiff now reports that its sole member is moving to the Chicago area, and taking the Got Gold business with her.  Thus, the Central District of Illinois is convenient for Plaintiff, and the Court will not use § 1404(a) simply to shift inconvenience from Defendants to Plaintiff.  *See Research Automation*, 626 F.3d at 978 ("[M]erely shifting inconvenience from one party to another is not a sufficient basis for transfer.").  Next, regarding the related factors of the location of material events and the availability and location of witnesses, the parties dispute where the material events giving rise to this case occurred and, accordingly, where the majority of relevant witnesses to these events would be located.  Defendants urge that Temple and Rose's dealings with Plaintiff occurred in Tennessee, and that the relevant witnesses to these dealings are also located there.  Plaintiff, in contrast, argues that, although Temple and Rose first became involved in Plaintiff's gold parties in Tennessee, Temple and Rose's scheme to divert business from Plaintiff occurred in Central Illinois, where they held a number of gold parties.  Thus, Plaintiff maintains that the relevant witnesses it needs to prove its allegations are located in Central Illinois.  Both parties present valid arguments, but the Court decides the tie in favor of Plaintiff.  *See In re Nat'l Presto Indus.*, 347 F.3d at 665.  Finally, although Defendants maintain that access to documents and other sources of proof weighs in favor of transfer because The Gold People's records are located in Tennessee, Plaintiff correctly notes that technology permitting electronic discovery diminishes the relevance of the location of documents.  *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) ("In an era of electronic

documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly.").

Furthermore, the interest of justice weighs against transfer. As data provided by Plaintiff reflects, the civil docket in the Central District of Illinois is less congested than that of the Eastern District of Tennessee. Each district might have an interest in deciding this case because events giving rise to it appear to have occurred in both districts, but the Court resolves this tie in Plaintiff's favor. Finally, as to familiarity of the court with relevant law, Plaintiff's claims are brought under state law. The parties dispute whether Tennessee or Illinois law applies to Plaintiff's claims. The Court will not engage in a choice of law analysis at this early stage of the case. Instead, it suffices to note that federal district courts are routinely called upon to apply the laws of other states; whether applying Illinois or Tennessee law, the Court will be able to resolve this case properly.

In sum, the convenience of the parties and the interest of justice weigh in favor of keeping this case in the Central District of Illinois. Defendants' Motion to Transfer **(#10)** is **DENIED**.

ENTERED this 10th day of January, 2013.

                                                                s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE